COMMONWEALTH *vs.* RUSSELL FORD.

Norfolk. May 5, 1992. - July 8, 1992.

Present: LIACOS, C.J., WILKINS, ABRAMS, LYNCH, & GREANEY, JJ.

*Practice, Criminal*, Sentence, Probation. *Imprisonment*, Overcrowding.

A criminal defendant serving a sentence at a house of correction, who was released early to probation pursuant to an order of a Federal District Court judge issued to alleviate unconstitutional overcrowding at the house of correction, was not thereby discharged from any portion of his sentence and, upon subsequent revocation of his probation, was required to complete the unserved balance of his sentence as well as to serve the suspended portion to be served upon violation of his probation. [48-49]

The terms of a "certificate of discharge" issued by a special master were construed in accordance with the master's grant of authority to implement the orders of a Federal District Court judge that were issued to alleviate unconstitutional overcrowding at a house of correction. [49]

COMPLAINT received and sworn to in the Quincy Division of the District Court Department on August 6, 1990.

A motion to correct sentence was heard by *Lewis L. Whitman*, J.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Yvonne P. Toyloy*, Committee for Public Counsel Services, for the defendant.

*LaDonna J. Hatton*, Assistant Attorney General, for the Commonwealth.

WILKINS, J. The defendant was serving sentences in the Norfolk County house of correction when, on August 21, 1990, six days after he had been sentenced, the sheriff released him from custody in the implementation of orders that a Federal District Court judge had issued to alleviate uncon-

stitutional overcrowding at the house of correction.[1] See *Libby* v. *Marshall*, 653 F. Supp. 359 (D. Mass. 1986), appeal dismissed, 833 F.2d 402 (1st Cir. 1987). On the day of the defendant's release, a special master, appointed by the Federal District Court judge, signed a certificate of discharge concerning the defendant.[2]

About two months later, while the defendant was on probation (the terms of which do not appear in the record), he was arrested for violation of his probation. After a hearing, a judge found the defendant guilty of violating his probation, revoked his probation, and committed him to serve twenty-three months and twenty-one days. This period included not only the portions of the defendant's concurrent sentences that were suspended but also the balance of the nine months of the committed concurrent sentences from which the sheriff had released the defendant.

The defendant filed a motion to correct the sentences, contending that his early release from confinement pursuant to the Federal District Court order terminated the nine-month portions of his original sentences, leaving, he argued, only the suspended portions of the original sentences to be served upon violation of his probation. The judge denied the motion except in a respect not important to this appeal. He stated that the Federal District Court order "operates not on the sentence but on the conditions of the place of incarceration" and was designed "to assert pressure on the executive branch

---

[1]The sentences were four concurrent two-year terms, with nine months to be served, the balance suspended with supervised probation.

[2]That certificate stated, on letterhead of the Norfolk County sheriff's department, that the defendant, "who was convicted of the crime of B&E (NT) sentenced on 08/16/90 for 9 MONTHS before the QUINCY DIST Court of NORFOLK COUNTY to imprisonment in the Norfolk County House Of Correction for a term that will expire on 08/21/90 Now therefore, I Special Master for the U.S. District Court of Massachusetts, in accordance with the April 11, 1989 order of reference, as amended do issue the said RUSSELL FORD this certificate of discharge." The docket shows that the sentence was imposed on August 15, not August 16. The certificate makes no reference to the three concurrent sentences that the defendant was also serving.

of state government to construct adequate facilities for incarcerating prisoners." We transferred the defendant's appeal to this court to be considered in conjunction with *Commonwealth* v. *Forkin, post* 1001 (1992). We affirm the judgment.

The defendant argues that his early discharge, granted pursuant to Federal court orders, "wiped out" the nine-month sentence that he was serving and that the judge could not lawfully revive that sentence upon revocation of the defendant's probation. There is no question concerning the authority of the Federal District Court judge to order the elimination of unconstitutional conditions in the house of correction and to do so by ordering the release of inmates. Nor is there any question raised about the obligation of correction officials and judges to comply with such lawful orders. The question is whether the orders of the Federal court or the certificate of discharge, or both, relieved the defendant of his obligation to serve his committed, concurrent sentences of nine months once he was discharged or released from the house of correction on August 21, 1990.

The Federal judge's orders on which the defendant relies do not require, directly or indirectly, that inmates' sentences be shortened or revoked in order to achieve the court-imposed limit on the inmate population at the house of correction. There is nothing in those orders that would have prevented the transfer of inmates to other places of incarceration in order to meet the population limit that the court imposed. Nor is there anything in those orders that would have forbidden the release of an inmate on probation and the modification of his suspended sentence to include both the unserved balance of the committed sentence and the original suspended term.

The defendant argues that, because the Commonwealth and the county failed to remedy the unconstitutional overcrowding, the Federal judge intended to discharge sentences being served, even though in doing so he extended a windfall to each defendant affected. The judge's orders, however, speak of the release of inmates, not of the discharge or commutation of their sentences. We see no indication that the

Federal judge sought to "punish" the Commonwealth for maintaining unconstitutional conditions at the house of correction by vacating, for all purposes, the committed sentences of inmates who were released. We see nothing in the Federal judge's orders that bars the Commonwealth from imposing on a former inmate, as a result of his violation of the terms of his probation, his entire unserved sentence, consisting of both the unserved committed portion and the suspended portion. It would be anomalous for a defendant in such a situation to be obliged to serve the suspended portion of his sentence but be relieved from serving the portion of his sentence that he was supposed to have served.

The defendant's certificate of discharge presents a separate issue. The record tells us nothing about the reason for the issuance of the certificate. We do not know why it refers only to one of the defendant's offenses and only to one of the sentences that the defendant was serving. Nor do we know why the certificate states that the defendant's nine-month sentence, imposed on August 15, 1990, will expire on August 21, 1990. There is no indication that the Federal judge approved the use of such a certificate or, more importantly, contemplated that a defendant's discharge would terminate that defendant's obligation to the Commonwealth for unserved time in all circumstances. We decline to attribute to the certificate of discharge any greater force than that attributed to the judge's orders themselves. The special master could have no greater authority than that granted by the judge's orders. Without deciding whether the Federal judge could have ordered all committed sentences of released inmates nullified for all purposes, even upon a violation of the terms of probation, we simply do not attribute to the Federal judge an intention to forbid what the sentencing judge did in this case after the defendant violated the terms of his probation.

*Judgment affirmed.*